## THE STATE v. WINEBRENNER.

### SAME v. McMAHON.

### SAME v. BEECHER.

### SAME v. RUBURG.

1. **Grand Jury:** WHEN TERM OF SERVICE EXPIRES. Grand jurors are selected for the first term of the district court in the year at which jurors are required, commencing next after the first day of January in each year, and they serve for one year. or until the corresponding term of the succeeding year. Code, §§ 234, 239. Consequently, where a term of the district court began on the eighth day of December, 1884, and continued into January, 1885, the grand jury impaneled in 1884 was competent to find an indictment during the term in January, 1885. *State v. Delong*, 12 Iowa, 453, decided under a different statute, distinguished.

2. **Criminal Law:** INTOXICATING LIQUORS: NUISANCE: INDICTMENT: DUPLICITY. An indictment for nuisance in keeping a place for the unlawful sale of intoxicating liquors considered, (see opinion,) and *held* not bad for duplicity. *State v. Dean*, 44 Iowa, 648, followed.

*Appeals from Marshall District Court.*

THURSDAY, OCTOBER 22.

INDICTMENTS charging the defendants as follows: "The grand jury of the county of Marshall, in the name and by the authority of the state of Iowa, accuse John C. Winebrenner of the crime of nuisance, committed as follows: The said John C. Winebrenner, on the fourth day of July, 1884, and on divers other days prior to the finding of this indictment, and since said day, in a building owned by Albert

Sharp, on the south one hundred feet of the east one-third of lot 7 and block 9, in the town of Marshall, in the county aforesaid, wrongfully and unlawfully did erect, continue and use a certain building and place commonly known as a 'saloon,' in which said building and place the said John C. Winebrenner did keep intoxicating liquors, to-wit, whisky, rum, gin, brandy, ale, beer, wine, alcohol, bitters and mixed drinks, with intent then and there to sell the same in said building and place in violation of law; and at said time and place, and in said building, the said defendant did habitually and repeatedly keep and sell, in the state of Iowa, beer and other intoxicating liquors contrary to law; and at said time and place, and in said building, the said defendant did allow and permit gambling, fighting, drunkenness and other breaches of the peace, and the same were then and there carried on by and with the consent of the defendant, to the disturbance of others; and said defendant, in said building and place, at said time, did habitually and repeatedly sell ale, beer, wine and intoxicating liquors to minors and intoxicated persons, and to those in the habit of becoming intoxicated, to the disturbance of others and contrary to law." The defendants severally pleaded guilty, and filed a motion in arrest of judgment, which was overruled and, judgment being rendered, they severally appeal.

*Parker & Childs*, for appellants.

*A. J. Baker*, *Attorney-general*, for the State.

SEEVERS, J.—I. The record in the foregoing cases and the questions to be determined are precisely the same, and

1. GRAND jury: when term of service expires.

therefore but a single opinion is required. The first ground in the motion in arrest of judgment is that the indictment was found on the seventh day of January, 1885, by a grand jury drawn, selected, and summoned for the year 1884. The term of court at which the indictment was found commenced on the eighth day of

The State v. Winebrenner et al.

December, 1884, and, as the record fails to show anything to the contrary, it must be assumed that the term continued until the finding of the indictment. The statute provides that a list consisting of seventy-five persons shall annually be made, from which to select grand jurors for the year, commencing on the first day of January. The grand jurors shall be selected for the first term in the year at which jurors are required, commencing next after the first day of January in each year, and shall serve for one year. Code, §§ 234, 239.

The grand jury in the case at bar, when impaneled, was a legally constituted body. Now, does it cease to be such before the adjournment of the term? If so, there must be a statute which in terms so declares, because in contemplation of law the whole term is considered as but one day. 2 Bouv., Law Dict., 787. The statute in terms provides that the grand jurors shall be selected for the first term in the year at which jurors are required, commencing next after the first day of January in each year. The jurors so selected cannot act as such until that time or term. They serve for one year, or until the corresponding term in the succeeding year. Owing to a change in the statute, *State v. Delong*, 12 Iowa, 453, is no longer applicable.

II. The next ground urged in arrest of judgment is that 2. CRIMINAL two offenses are charged therein. The indict-law: intoxi-cating liq-uors: nui-sance: indict-ment: dupli-city. hold that the indictment in this case is not bad for duplicity.

AFFIRMED.