THE STATE ex rel. JOSEPH S. CHICK, Jr., v. ARCH B. DAVIS, Judge of Division Two of Criminal Court of Jackson County.

In Banc, March 5, 1918.

1. **COURTS:** Adjournment Over Date of Next Statutory Session. Courts can exercise judicial functions only when lawfully in session. A circuit court may not adjourn to a time at or after which its own next term in the same county begins, but the circuit court in one county may adjourn to the date or beyond the date fixed for the next term in another county of the circuit.

2. ————: ————: Automatic Termination by Another Term in County. The statute provides for five terms of the criminal court of Jackson County annually, "three of which shall be held" in Kansas City, and two in Independence. On November 3rd the September term at Kansas City was adjourned to Monday, November 5th, and continued thenceforward from day to day. Said November 5th was the day the statute fixed as the day of beginning the November term at Independence. *Held,* that the Independence term is not in such sense a term of the same court that the arrival of the day fixed by statute for it to begin automatically terminated the next preceding term at Kansas City, and proceedings thereafter at Kansas City as of said September term were not on account of the arrival of the time for holding the Independence term *coram non judice* or void.

3. ———: Two Divisions: Statute Not Clear: Judicial and Legislative Acquiescence. Where the criminal court of a county has two divisions and provides that court be held in two cities therein, but expressly provides that both divisions shall not be in session in one of the cities at the same time, and that the judge of Division Two may hold court in such city "whenever, in the opinion of the judges and the prosecuting attorney, his assistance shall be needed for holding court at" such city, which seems to mean that the judge of the other division who is being assisted may at that time be holding court in said other city, the ambiguity of the statute, which is not clear, opens the way for the construction given it for a long time by those charged with its administration, to the effect that sessions of the court in one of the cities may overlap sessions in the other, and that rule of construction, the supervising courts and the Legislature having long acquiesced therein, is strong evidence of the statute's true meaning.

4. ———: ———: Different Records: Transfers. The fact that the criminal court of a county has two divisions and two judges, with different records and different clerks, and that writs are "returnable to the court held at the place at which said writ or other process is attested," has an important relation to the question of whether a session in one of the cities in which the statute authorizes court to be held is automatically terminated by the arrival of the time fixed by the statute for the beginning of a term in the other city. In such case, the terms at the two cities are as distinct as terms of the circuit court in different counties. And the fact that cases may be transferred from one division to the other or from one city to the other does not affect the question.

Prohibition.

Writ denied.

*Henry L. Jost, Michael E. Casey, Henry S. Conrad, R. R. Brewster, Frank P. Walsh* and *James P. Aylward* for relator.

(1) The respondent herein was without jurisdiction to convene or preside over said court or to take any action or make any order affecting the substantial rights of relator upon said indictment (except to abate the same), founded upon proceedings had and made of record during the November term of said court as of and for the September term thereof, because said September term had expired by operation of law and said November term had lapsed by reason of the failure of the court to convene in the city of Inde-

pendence on the 5th day of November, 1917, as provided by law, and any action taken or order made or threatened to be made was and is null and void and in excess of his jurisdiction, under the law. Sec. 4214, R. S. 1909; State v. Jeffors, 64 Mo. 382; State v. Eaton, 191 Mo. 156; State ex rel. v. Woodson, 161 Mo. 454; Rhodes v. Bell, 230 Mo. 149; State ex rel. v. County Court, 50 Mo. 321; State ex rel. v. Ross, 118 Mo. 46; Davidson v. Real Estate & Inv. Co., 226 Mo. 31; Mers v. Bell, 45 Mo. 335; Stovall v. Emerson, 20 Mo. App. 322; State v. Hixon, 41 Mo. 210; Holliday v. Cooper, 3 Mo. 204; Holman v. Hogg, 83 Mo. App. 374; State v. Eubanks, 166 Mo. App. 683; Cook v. Penrod, 111 Mo. App. 137; Bronson v. Schulton, 104 U. S. 415; Loewe v. Bank, 222 Fed. 342; 8 Am. & Eng. Ency. Law (2 Ed.), p. 34; 1 Ency. Pl. & Pr., pp. 240-241; People v. Bradwell, 2 Cow. (N. Y.) 445; Northrup v. People, 37 N. Y. 203; Brumley v. State, 20 Ark. 78; Ex parte Osborn, 24 Ark. 479; State v. Roberts, 8 Nev. 239; Ex parte Jones, 27 Ark. 349; People v. Sullivan, 115 N. Y. 185; Ex parte Branch, 63 Ala. 383; Cullum v. Casey, 1 Ala. 351; Wightman v. Karsner, 20 Ala. 446; Garlick v. Dunn, 42 Ala. 404; Bush v. Day, 1 Kan. 86; Downey v. Smith, 13 Ill. 671; Taylor v. Ervin, 119 N. Car. 274. (2) The September term for which the grand jury was drawn and selected having expired on the third day of November, said grand jury, was wholly without any power to consider the subject-matter of or to return an indictment against the relator at the succeeding November term. State v. Jeffors, 64 Mo. 381; State v. Ulrich, 110 Mo. 350; State v. Buente, 256 Mo. 227; 1 Laws 1803-24, p. 436; 22 Cyc. 190; State v. Smiley, 98 Mo. 605; Ex parte Slater, 72 Mo. 102; In re McDonald, 19 Mo. App. 370; State v. Billings, 140 Mo. 193; 24 Cyc. 263; 12 Ency. Pl. & Pr., p. 658; State v. Brown, 127 N. C. 562; Schearer & Brooks v. Clay, 1 Litt. (11 Ky.) 261; Bray v. Wallin, 1 Overton (Tenn.), 241; Commonwealth v. Thompson, 1 Va. 319; Lore v. State, 4 Ala. 173; Ned, a Slave, v. State, 7 Port. (Ala.) 187, 213; Terrill v. Superior Court, 60

Pac. 38, 516; Lawson v. Pulaski, 3 Ark. 1; Johnson v. Cement Co., 60 Cal. 648, Am. Ann. Cas. 1912-B, pp. 180-181; Skinner v. State, 142 Ala. 46; State v. Bowman, 73 Iowa, 110; Walker v. State, 142 Ala. 32; State v. Weinbrenner, 67 Iowa, 230; Com. v. Colton, 11 Gray (Mass.), 1; Brumley v. State, 20 Ark. 77; Com. v. Rice, 15 Pa. Dist. 60; In re Terrill, 52 Kas. 29; Com. v. Wilhelm, 16 Pa. Dist. 386; In re McClasky, 52 Kas. 34; Collins v. State, 5 Okla. Crim. 254; Lopez v. State, 12 Tex. App. 27; White v. Riggs, 27 Me. 114; 12 R. C. L. 1015, sec. 3; Finnegan v. State, 57 Ga. 427; Davis v. State, 45 Ala. 80; 14 Ruling Case Law, sec. 5, p. 156; State ex rel. v. Tincher, 258 Mo. 21; Richardson v. Shaw, 6 Ont. 296; London v. Cox, L. R. 2 H. L. 239. (3) The adjournment by the Honorable Ralph S. Latshaw on the 3d day of November, the last day of the regular September term, to the 5th day of November, the day on which the regular November term of said court commenced, under the law, concluded all further action by said court or the officers thereof, assuming to act thereafter as of, for and during said September term of said court, and such attempted judicial acts on the part of Judge Latshaw, and the other officers, as a court, were clearly void. State ex rel. v. Todd, 72 Mo. 288; Ashby v. Glasgow, 7 Mo. 320; Hill v. St. Louis, 20 Mo. 587; Harbor v. Railroad, 32 Mo. 426; Carter v. Carter, 237 Mo. 633; Sec. 4212, R. S. 1909; Cook v. Penrod, 111 Mo. App. 136; State ex rel. v. Nixon, 41 Mo. 212; Grant City v. Simmons, 167 Mo. App. 186.

*Hunt C. Moore, I. B. Kimbrell, Shannon C. Douglass, Jr., Virgil Yates* and *Martin J. O'Donnell* for respondent.

(1) The statutes providing for the holding of criminal courts in Jackson County expressly prohibit both divisions from being in session at the same time at Independence and contemplate that Division Two may hold the term at Independence at the same time that Division One is holding the Kansas City term,

and hence the statutory provision authorizing the holding. of a November term, to commence. on November 5th at Independence, did not terminate the September term at Kansas City. Sec. 4214, to 4231, R. S. 1909; Lewis' Sutherland on Stat. Const., secs. 367-490. (2) That the Legislature intended that a separate and distinct criminal court at Kansas City for the trial of offenses of the grade described in the indictment assailed by relator should always be in existence and capable of exercising its jurisdiction is shown by the various laws (beginning March 23, 1863) enacted with reference to the criminal courts at Kansas City and in Jackson County. Laws 1863, pp. 159-160; Laws 1863, p. 161; Laws 1871, p. 159; Laws 1872, p. 282; Laws 1887, p. 159; Laws 1901, p. 127; State ex rel. v. Fort, 210 Mo. 512; State v. Searcy, 46 Mo. App. 423; Barrego v. Territory, 8 N. M. 467; Kohlsaat v. Murphy, 96 U. S. 153; In the Matter of Bomino's Estate, 83 Mo. 441. (3) Neither a constitutional provision, requiring the circuit court to hold its terms, at such times and places as may be directed by law in each circuit, nor a statutory provision, requiring such court to hold terms in one place in the circuit on certain days and in another place in the circuit on certain other days, operate to terminate a term being held in one place by the arrival of the time fixed by such statute for holding a term at such other place; hence, since section 4214, R. S. 1909, provides for the holding of terms of the criminal court at Independence on certain days and at Kansas City on certain other days in the same way that the terms are provided for in the different counties of a circuit having more than one county, the statute providing for the beginning of a November term on November 5th at Independence did not terminate the September term being held at Kansas City. State v. Jeffors, 64 Mo. 382; State v. Samuels, 3 Mo. 42; Lewin v. Little, 17 Mo. 64; State v. Pope, 110 Mo. App. 520; Bank v. Parsons, 45 W. Va. 688; Stirling v. Wagner, 4 Wyo. 25; Barrego v. Territory, 8 N. M. 467; Gonzales v. Cunningham, 164 U. S. 612; Territory v. Barela, 110

Pac. 845; Territory v. Armigo, 14 N. M. 205; Burnett v. Prince, 197 S. W. 241; State v. Eubank, 166 Mo. App. 683-4-5; State ex rel. v. Eggers, 152 Mo. 485; Haebel v. Wabash, 119 Mo. 137; Vouillaire v. Vouillaire, 45 Mo. 602; Fenn v. River, 135 Mo. App. 229; State ex rel. v. Fort, 210 Mo. 520. (4) There is no statutory or constitutional provision expressly limiting the terms of the criminal court at Kansas City, nor making its proceeding void because of the arrival of the date fixed by law for the November term at Independence, and hence even had the September grand jury, without having been resworn, returned the indictment after the beginning of the January, 1918, term at Kansas City, the indictment, having been returned by a *de facto* grand jury, would have been valid. Sec. 3876, R. S. 1909; Sec. 18, Laws 1803-24, vol. 1, pp. 112-113; Laws 1825, sec. 276; Harkness v. Jarvis, 182 Mo. 241; 12 R. C. L. 1015; State v. Noyes, 87 Wis. 340; People v. Morgan, 133 Mich. 550; People v. McCauley, 256 Ill. 504; State v. District Court, 31 Mont. 428; State v. Miller, 111 Mo. 549; State v. Carroll, 38 Conn. 449; State v. Douglas, 50 Mo. 593; State ex rel. v. Seay, 64 Mo. 89, 27 Am. Rep. 206; 20 Cyc. 1333; In re Gannon, 69 Cal. 541; Laws 1913, p. 217; United States v. Rockefeller, 221 Fed. 462. (5) No constitutional right of relator has been violated, and the alleged rights, which relator claims have been violated by respondent, are not protected by the provisions of the Federal Constitution invoked by relator. State v. Webb, 254 Mo. 432-433; Twining v. New Jersey, 211 U. S. 78; Weeks v. United States, 232 U. S. 383; Hurtado v. California, 110 U. S. 516; Hodgson v. Vermont, 168 U. S. 262; Bollman v. Nebraska, 176 U. S. 83; Maxwell v. Dow, 176 U. S. 581; Kalloch v. Superior Ct., 56 Cal. 229; State v. Boswell, 104 Ind. 541; Hansenfleck v. Com., 85 Va. 702; Ensign v. Commonwealth, 33 Sup. Ct. R. 321.

BLAIR, J.—Prohibition. The statute (Sec. 4214, R. S. 1909) provides for five terms of the criminal court of Jackson County annually, "three of which

shall be held in the City of Kansas . . . and two at the City of Independence.'' On November 3, 1917, the September term at Kansas City was adjourned to Monday, November 5, 1917, and continued thenceforward from day to day. November 5, 1917, was the day the statute fixed as the day for beginning the November term at Independence. Relator's contention is that the arrival of the statutory time for beginning a term at Independence necessarily and, so to speak, automatically ended the September term at Kansas City and that proceedings thereafter at Kansas City as of such September term were ''*coram non judice* and void.''

Courts can exercise judicial functions only when lawfully in session. [State ex rel. v. Ross, 118 Mo. l. c. 47 et seq.; Rhodes v. Bell, 230 Mo. l. c. 148; State v. Eaton, 191 Mo. l. c. 156.] A circuit court may not adjourn to a time at or after which its own next term in the same county begins. [State v. Jeffors, 64 Mo. l. c. 382.] In that case, as in others applying the principle, the court was held at but one place in the county. In this State the circuit court in one county may adjourn to the date or beyond the date fixed for the next term in another county of the circuit. [Sec. 3870, R. S. 1909; Lewin v. Dille, 17 Mo. l. c. 69; Samuels v. State, 3 Mo. l. c. 73 et seq.; State v. Pope, 110 Mo. App. 520.] In the Samuels case the principle of certain early decisions cited by relator from other states was rejected. It is discredited in most of the states of its origin, and the weight of authority and reason is against it. [Stirling v. Wagner, 4 Wyo. l. c. 25, et seq.; Borrego v. Territory, 8 N. M. 446; Gonzales v. Cunningham, 164 U. S. 626; Bidwell v. Love, 22 Okla. 549; State v. Pearson, 70 Kan. 901; In re Est. of Hunter, 84 Iowa, l. c. 392.] These decisions, though discussed in the briefs, have little to do with the question in this case. That question is whether the Independence term is in such sense a term of the same court that the arrival of the day for it automatically terminates the next previous term at Kansas City. In the practice it has not been so

regarded. In this court, though we are required in criminal cases to scrutinize the record for error, causes have been heard and judgments affirmed on records disclosing that a term at Kansas City or Independence had overlapped one at the other place. This appears from our decisions. It has been true since the criminal court of Jackson County was established. Further, the act itself contains provisions apparently contemplating that court may be held at Kansas City and Independence at the same time. The court has two divisions and two judges. It is expressly provided that both divisions shall not be in session at Independence at the same time. [Sec. 4230, R. S. 1909.] The judge of Division Two "may hold court at Independence whenever, in the opinion of the judges . . . and the prosecuting attorney, his assistance shall be needed for the holding of court at Independence." [Sec. 4226, R. S. 1909.] From this it appears he may be called to hold court at "Independence when his *assistance* is deemed necessary, but the judge being *assisted* is not to be engaged at that time at Independence, but elsewhere, if at all. If the statute means that court may be held at Independence and at Kansas City at the same time, relator's proposition falls. Though the statute be not clear, its ambiguity opens the way for the rule that the actual construction given it for a long period by those charged with its administration, the supervising courts and the Legislature acquiescing therein, is regarded as strong evidence of its true meaning.

There is another consideration of first importance. The criminal court of Jackson County is a court of record (Sec. 4205, R. S. 1909) and, as stated, is composed of two divisions and two judges. [Sec. 4220, R. S. 1909.] Its clerk has separate offices and records at Independence and Kansas City (Sec. 4218, R. S. 1909) and writs may be issued from either office. Such writs are "returnable to the court held at the place at which said writ or other process is attested." [Sec. 4219, R. S. 1909.] The transfer of cases from one divi-

sion to another and from Independence to Kansas City, and *vice versa,* is governed by rules the statute authorizes the judges to make. [Sec. 4231, R. S. 1909.] It is obvious the relation between the term at Independence and that at Kansas City is not the same, for example, as that between one circuit term and the next in Osage County (State v. Jeffors, supra), and that this difference is one having an important relation to the question in this case. The terms at Kansas City and Independence are as distinct as terms of the circuit court in different counties. In Burnett v. Prince, 197 S. W. l. c. 244, this court was considering the relation between the divisions of the circuit court at Independence and Kansas City, and it was held that an act providing for additional terms of circuit court at Independence provided for such separate terms in the same way that terms are provided for in different counties in the same circuit, and that notice of the pendency of a suit in one place was not notice of the pendency of a suit in another. This rule applies as well to the terms of criminal court at Independence and at Kansas City. The terms at Independence and at Kansas City are, in a general sense, those of the same court. Yet a term at Independence does not, in several respects, bear the same relation to the preceding term at Kansas City which is borne by one circuit term in a county to the preceding term at the same place in the same county. A simple continuance at Kansas City does not, by force of statute, take the case to Independence. The court at Independence has jurisdiction of the cases begun in it. That at Kansas City has jurisdiction of the cases begun in it. That rules may authorize transfers does not affect the question. These differences are important. If causes at Independence went by mere continuances or by adjournment to Kansas City, and *vice versa,* then relator's contention would have to be upheld. In such circumstances the coming of one term must end the other or there would be two concurrent courts (or terms) having jurisdiction over the same cases and

records at the same time, each capable of trying the causes and rendering judgment, and one capable of revoking orders binding on the other. The old term would continue the judge's power over all the records. [Jaques v. Bridgport H. Rd. Co., 43 Conn. l. c. 34, 35.] This impossible alternative is a vital reason for the rule that the coming of one term of a court ends the preceding term of the same court. Such a situation could not arise in connection with the term at Independence and Kansas City. The case is not within this reason of the rule. The other reasons given for it, as far as they had been supposed to apply to courts held at different places, are disposed of in cases already cited.

The identical question in this case was presented in State v. Crilly, 69 Kan. l. c. 810, 811. In that case terms of the district court were provided for at Columbus and others at Galena. Indicted at Columbus, appellant was tried after a term at Galena had begun. The court held applicable the reasoning whereby it had held valid adjourned terms in one county after the day for the beginning of a term in another county of the same district. The distinction between the facts before it (like those before us) and those in the Jaques case, supra, was pointed out. The Connecticut court was cited as holding that "a court having regular terms and in which all cases are continued from one term to another in regular succession has no power to adjourn to a time beyond the commencement of another regular term of the same court in the same county, where both terms are of the same character." The Kansas court held that the Columbus and Galena terms were not "of the same character" as that expression was used in the Jaques case; that the cases untried at Galena were not continued to the term at Columbus and that one term was held to try cases begun at Columbus and the other to try cases begun at Galena. It held the Jaques case to be an authority for the conclusion it reached in its own decision. The same ruling on like facts was made in Tucker v. State, 10

Okla. Cr. 565. The situation in this case is, in legal effect, the same.

We are of opinion the difference between the terms at Independence and those at Kansas City is such as to take the case out of the reason of the rule (and therefore out of the rule) upon which relator relies. The preliminary rule is discharged. All concur.