E. F. NEAL, Respondent, v. THE KANSAS CITY RAILWAYS CO., Appellant.

Kansas City Court of Appeals, May 20, 1918.

1. **TRIAL PRACTICE: Negligence: Continuance to Succeeding Term.** If a trial unfinished at the end of one term of a circuit court, is continued into the first day of a succeeding term of the same court, in the same county, and then proceeded with to the end of the trial, the proceedings in the latter term are invalid and the judgment rendered thereon should be reversed.

2. ————: **Jury: Discharge: Objection.** If a case on trial at the end of a term of the circuit court is continued into the succeeding term

of the same court, in the same county, the prior term ended *ex vi termini legis*, and the jury is discharged from any further consideration of the case. And a defendant's objection at the succeeding term is timely.

3. ———: Criminal or Civil Case: Distinction. A circuit court at the close of one term cannot continue an unfinished trial into a succeeding term of the same court in the same county then to be proceeded with, and there is no distinction in this respect between a criminal and civil case.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*Atwood, Wickersham, Hill & Popham* for respondent.

*Clyde Taylor* and *Chas. A. Stratton* for appellant.

ELLISON, P. J.—Plaintiff's action is for personal injuries alleged to have been received by him through the negligence of the defendant. He recovered judgment in the trial court.

The question upon which we determine the case involves two succeeding terms of the circuit court for the same county, over which the trial judge presided; viz, the September and November terms, the latter term beginning on November 13, 1916. The trial was begun on the 8th of November, 1916, and progressed until Saturday, November 11th, the last day of the September term, when it was continued over to Monday following, which was the first day of the November term. The trial was then resumed against defendant's objection, and exception, resulting in the verdict for plaintiff.

The ground of defendant's objection is that the court could not continue an unfinished trial at one term into the next term, then to be taken up, where left off at the prior term and be proceeded with to the end. The point has been expressly decided by the Supreme Court in State v. Jeffors, 64 Mo. 376, 382, and State ex rel. v. Davis, 201 S. W. 529. In the latter case it was held that

while a "circuit court in one county may adjourn to the date or beyond the date fixed for the next term in another county of the circuit," it cannot "adjourn to a time at or after which its own next term in the same county begins;" and that "the coming of one term of a court ends the preceding term of the same court." The same propositions were decided in Jaques v. Bridgeford Railroad Co., 43 Conn. 32, 34, and State v. Crilly, 69 Kansas, 802 811. In State v. Jeffors, supra, the Supreme Court said that when the suceeding term began the prior term "ended *ex vi termini legis*" and that upon a continuance of an unfinished trial at one term to be completed at a succeeding term, "the jury would be discharged from the bestowment of any further consideration of their verdict."

It is suggested that the foregoing rulings were made in criminal cases, and that is true; but the language used is not confined to such cases. And we can see no possible difference, in respect to the character of the terms and the power of the courts, between a criminal and civil case.

Finally plaintiff insists that as defendant took no exception to the action of the court continuing the unfinished trial into the next term, it has waived any objection thereto. In our opinion, if an exception was necessary to save the point, it was timely made when the defendant objected to proceeding with the trial when the case was called at the succeeding term.

A careful consideration of the briefs of counsel, together with one filed *amicus curiae,* has failed to show that the proceedings were regular or that the judgment has been lawfully rendered. It will therefore be reversed and the cause remanded. All concur.