Shenker, Appellant, *v.* Harr, Treasurer, et al.

Argued October 6, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*David Freeman,* for appellant.

*Benjamin Ludlow,* with him *Thomas I. Guerin* and *Bryan A. Hermes,* Deputy Attorneys General, for appellee (Commonwealth, intervening defendant).

OPINION BY MR. JUSTICE STERN, November 10, 1938:

In response to a petition by the District Attorney of Philadelphia County, Judge BOK, sitting in the Court of Quarter Sessions, charged the grand jury which had been convened for the October, 1937, term of the court, to investigate the state of crime, and of law enforcement, in the county. Accordingly, it commenced such an investigation, especially with reference to gambling, and since then, with the approval of the court, has remained in session for this purpose continuously, filing from time to time reports of its progress. As a result of its work numerous bills of indictment have been presented to other grand juries successively convened for the regular terms of the court and true bills have been found by them.

Plaintiff, a taxpayer of Philadelphia, filed a bill of complaint in the present proceedings, challenging the

legality of the continuance of the grand jury in office beyond the October, 1937, term for which it was originally summoned. The bill alleged that the jury fees and the costs of the stenographic services incurred in the investigation are being paid by the county, and prayed that the county commissioners be enjoined from certifying vouchers for such payments, the city controller from approving them, and the city treasurer from honoring them. From the dismissal of the bill by the court below plaintiff appeals.

The question here presented is whether a grand jury, convened for a regular term of court, can continue to function as to uncompleted business beyond such term and remain in session concurrently with grand juries summoned for succeeding regular terms.

According to the Act of March 13, 1867, P. L. 420, the sessions of the court of quarter sessions in Philadelphia shall commence on the first Monday of each month, and the court shall, before the commencement of each term as thus established, issue a venire for the summoning of the grand jury. The Act of March 18, 1875, P. L. 28, provides that courts of quarter sessions may summon grand juries to meet at such time prior to the holding of the terms of the court as the judges deem expedient, and if, in their opinion, the business of the court at any time shall require it, the grand jury may be detained *for an additional week* without the issuing of a new venire. The amendatory Act of April 27, 1927, P. L. 420, allows the court to hold over the grand jury summoned for any term during the interim until the grand jury of the next succeeding term is assembled, with power to dispose of any business properly laid before a grand jury at a regular term.

It is appellant's position that the legislature may regulate the terms during which courts and grand juries shall function, and that the Act of 1875, supra, by permitting the court to detain the grand jury "for an additional week," inferentially negatives the right to con-

tinue it in session for any longer period. With this contention we are unable to agree.

The Act of 1875, in providing that a grand jury may be continued for a week without a new jury being summoned, obviously intended that during such protracted session the grand jury shall have all the power of one acting during the regular term, including, therefore, the right to take up and pass upon new bills of indictment submitted to it. This is made clearer by the amendment of 1927, supra, which extends the permissible time of prolongation of the session until the assembly of the grand jury for the next regular term, and expressly provides that the continuing jury may dispose of *any* business which a grand jury could properly consider at a regular term. It is clear that these acts were not intended to affect or provide for the problem here involved, namely that of a grand jury which, in exercising its inquisitorial function, requires an extended time merely for the purpose of completing the labors upon which it happens to be engaged when the regular term comes to an end, but not asserting or exercising any right to consider new matters.

Even, however, if these acts were to be construed as fixing a time limit upon the session of a grand jury for *all* purposes, their provision to that effect must be considered as directory and not mandatory. In *Election Cases,* 65 Pa. 20, where an act of assembly provided that the court, in judging an election contest, should "proceed upon the merits thereof," and should hear and determine the case at the next term after the holding of the election, this court said as to the latter provision (p. 34) : "Was the jurisdiction lost by the expiration of the term . . .? In this respect the law is directory only. The act to be done is judicial and not ministerial. The court cannot 'proceed on the merits' of the contest without time to take the testimony, and to hear and decide. If the testimony be voluminous, as it must be to correct so large a poll, the merits cannot be reached without

time, . . . It would be a harsh construction to defeat its own purpose by requiring an impossibility of the court. Analogies are against it: *Commonwealth v. Sheriff,* 16 S. & R. 304; *Ex parte Walton,* 2 Whart. 501; *Commonwealth v. Jailer,* 7 Watts 366; *Clark v. Commonwealth,* 5 Casey 129. In these cases a similar limitation was held not to oust the jurisdiction of the court, and it was said: 'There is no doubt that necessity, either moral or physical, may raise an available exception to the statute.' . . . It would be a mockery of justice were the people told, when seeking redress against dishonest servants, that the voice of the judge is silenced in the midst of his sentence, or the uplifted arm of the law struck down by the stroke of the clock." See, to the same effect, *Stevenson v. Lawrence,* 1 Brewst. 126; *Pearlman v. Newburger,* 117 Pa. Superior Ct. 328, 337, 338; *Socialist Labor Case,* 332 Pa. 78; *Gonzales v. Cunningham,* 164 U. S. 612, 626, 627.

A rule of statutory interpretation, embodied in the Act of May 28, 1937, P. L. 1019, section 52, states that "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable." For at least a century and a half the inquisitorial function of grand juries has been recognized in Pennsylvania. Once a grand jury has started on an investigation its work cannot arbitrarily be turned over at an incomplete stage to a succeeding jury. It is difficult to believe that the legislature intended by the Act of 1875 that even in the case of a necessarily protracted investigation the grand jury must cease its operations within a week after the expiration of the monthly term fixed for the court of quarter sessions in Philadelphia County, thereby perhaps utterly preventing the fruition of its labors.

The Act of 1875 must be construed in connection with other legislation. The Act of April 14, 1834, P. L. 333,

section 47, provides that the judges of the courts of quarter sessions for the County of Philadelphia "shall continue the same by adjournment as often and as long as occasion shall require," and the Act of April 22, 1850, P. L. 543, section 12, provides that all courts of quarter sessions, whenever the public business requires it, may fix adjourned or special courts of quarter sessions for the purpose of trying issues in criminal cases and transacting the other business of the court. A grand jury is not an independent governmental body but is an arm of the criminal court, and when these acts provide for adjourned or special sessions of a court of quarter sessions for the transaction of any of its business, it must be assumed that in exercising such right the court may carry over into the adjourned session and employ—for as long a time as is necessary to transact such business— all the instrumentalities, including petit and grand juries, required for the purpose and utilized by it in its regular term. These acts therefore reinforce the conclusion that the provision of the Act of 1875 as to "an additional week" is directory and not mandatory.

Plaintiff contends that if a grand jury functions during an adjourned session of the court after a succeeding regular term has brought with it the convening of another grand jury, the result will be that two grand juries will be operating in the county at the same time. Neither in law nor from a practical standpoint, however, is there any serious objection to such a situation. The Act of February 3, 1843, P. L. 8, section 4, provides that if the business of the court of quarter sessions of Philadelphia County shall at any time require it, the judges may hold separate sessions at the same time for the trial of criminal cases. The Act of March 18, 1875, P. L. 25, contains similar provision for the counties generally. Although the court of quarter sessions of the county is a unit, in Philadelphia its judges concurrently hold independent sessions for the dispatch of the business of the court, and if one of the judges finds at the

expiration of a term that an unfinished matter is then pending before him, there would seem to be no valid reason why he may not complete it as of the term in which it was commenced, even though a new regular term has begun for the court generally and cases are being tried before other judges as of such term. If a trial before a petit jury is uncompleted at the end of a regular term it can be proceeded with as of the original term until verdict rendered: *Briceland v. Commonwealth,* 74 Pa. 463 (see Act of April 14, 1834, P. L. 333, section 49); and the situation is to all intents and purposes the same in the case of an investigation by the grand jury pending at the completion of a regular term. Where a county court sits in different places, it has been generally held that in one place it may be holding an adjourned session of a former term even though in another place it has already commenced the new regular term: *Carroll v. Commonwealth,* 84 Pa. 107; *State v. Crilly,* 69 Kan. 802, 77 Pac. 701; *Tucker v. State,* 10 Okla. Crim. Rep. 565, 139 Pac. 998; *State v. Davis,* 273 Mo. 660, 201 S. W. 529.

While it is not necessary to determine the question, it may be gravely doubted whether the legislature constitutionally *can* limit the session of a court and the duration of the grand jury to an extent which would make impossible, or seriously impede, the transaction of the business of the court. The legislature may regulate the terms of courts within reasonable bounds, but, to insure the survival and independence of the judiciary, such power is necessarily subject to the limitations expressed *in Dauphin County Grand Jury Investigation Proceedings (No. 2),* 332 Pa. 342.

There may be instances in which a court continues an adjourned session and the functioning therein of a grand jury beyond any reasonable necessity therefor. While in general a matter for the exercise of discretion by the court, such discretion may be abused and is therefore subject to appellate review. A tendency to establish anything approaching permanency in a grand jury is re-

pugnant to our scheme of government and subversive of individual rights. We are of opinion that the continuance in session of the grand jury which is the subject of the present litigation has about reached its permissible limit, that the investigation which it is conducting should be promptly concluded and in no event continued beyond the end of the present calendar year. We will therefore retain jurisdiction of the cause to enable plaintiff to apply to this court for relief should the grand jury remain in session beyond that time.

Subject to this reservation, the decree of the court below is affirmed, costs to be paid by appellant.