(No. 35007.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, vs. WILLIE HALL, Defendant in Error.

*Opinion filed March 20, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, and ALTON A. GREER, State's Attorney, of Shawneetown, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

JOSEPH L. BARTLEY, of Shawneetown, for defendant in error.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

A special grand jury was duly convened by the circuit court of Gallatin County during its October, 1956, term. This grand jury returned an indictment against the defendant, Willie Hall, for the crime of assault with intent to commit murder. The grand jury returned this indictment on April 1, 1957, which was the day following the expiration of said October term of court, and the first day of the succeeding term, namely, the April, 1957, term. Defendant moved to quash the indictment for the reason that the said grand jury expired and ceased to exist on the 30th or 31st day of March, and therefore the indictment was null and void. The trial court sustained the motion and quashed the indictment. The People bring this writ of error to this court to review the order of the circuit court pursuant to statutes which provide that the People may sue out writs of error to review any order quashing an indictment, and that all writs of error in criminal cases above the grade of misdemeanors shall be taken directly to this court. Ill. Rev. Stat. 1957, chap. 38, pars. 747 and 780½.

By virtue of the statute relating to courts, (Ill. Rev. Stat. 1957, chap. 37, par. 72.6,) it is provided that terms of the circuit court of Gallatin County shall commence on the first Monday in April, June and October. It appears that the first Monday in April in 1957 was April 1, and therefore the said indictment was not returned until after the expiration of the October, 1956, term of said court.

The People contend that the indictment was not void, but valid, and that the circuit court was in error in quashing the indictment.

The People assert, and it is undisputed, that a grand jury is a constituent part of every court having general criminal jurisdiction; that such court has inherent power, independent of statute, to call, recess, discharge subject to recall, and to reconvene a special grand jury; and that when a grand jury has not completed its work during the term for which it was empaneled, the court may order the grand jury to continue its investigations over into a succeeding term. The defendant, however, contends that this special grand jury for the October term was not ordered by the court to continue over into the succeeding April term, thus its power had expired and the indictment in question was void.

The People finally contend that this special grand jury, convened at the October term, continued over into the succeeding April term of that court, and thereby became a *de facto* grand jury having full jurisdiction to return this indictment on April 1, 1957.

In *People v. Brautigan,* 310 Ill. 472, this court discussed the *de facto* existence of grand juries continued into a succeeding term of court. We there held that a grand jury could not have a *de facto* existence after a term of court ended, where a *de jure* grand jury had been impanelled by the court for the current term and was performing the duties of such a body. The record in the instant case does not disclose the calling or existence of a grand jury at the

April, 1957, term of the Gallatin County circuit court. No like situation has arisen in Illinois so far as we can ascertain. Like situations did arise in the States of Wisconsin and Michigan as reported in *State ex rel. Dunn* v. *Noyes,* 87 Wis. 340, 58 N.W. 386, and *People* v. *Morgan,* 133 Mich. 550, 95 N.W. 542.

In our *Brautigan case* we cited the *Noyes case* and the *Morgan case,* with approval. The Supreme Courts of both Wisconsin and Michigan, in those cases, under statutes similar to our own, determined that a grand jury lawfully constituted during one term of court, which continues its work into a succeeding term without an order of the court, but which is recognized by that court in its new or succeeding term by receipt of indictments, is a *de facto* grand jury. As such *de facto* grand jury it has jurisdiction to act as a grand jury.

These cases have been tentatively approved by this court, and are hereby accepted as setting forth the correct rule of law. There being no lawfully constituted grand jury called by and acting for the April, 1957, term of the Gallatin County circuit court, this grand jury, having been lawfully constituted, never having been adjourned, having continued its work into a succeeding term and having been recognized in that new term by the court, was, at the time of the return of this indictment, a *de facto* grand jury. Its jurisdiction was sufficient for the return of this indictment on April 1, 1957. This indictment was thus not void for the reasons assigned, and should not have been quashed for those reasons.

The judgment of the circuit court of Gallatin County is, therefore, reversed and the cause remanded thereto, with directions to proceed in accordance with the tenor of this opinion.

*Reversed and remanded, with directions.*