ONE CERTAIN PERSON NAMED IN INDICTMENT # 5122 et al., Appellees,

v.

The 1970 GRAND JURY OF JOHNSON COUNTY, Iowa, et al., Appellants.

No. 55262.

Supreme Court of Iowa.

April 25, 1973.

Richard C. Turner, Atty. Gen., Bennett Cullison, Jr., and William Stengel, Asst. Attys. Gen., for appellants.

William H. Bartley, William F. Sueppel, Jay H. Honohan, William M. Tucker, Iowa City, and Ralph Heninger, Davenport, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

The sole issue for decision in this appeal is whether by district court order the legal existence of a grand jury may be extended into the calendar year following its selection.

A Johnson county grand jury impaneled November 23, 1970, was unable within the time remaining in 1970 to complete its investigation of certain alleged violations of criminal statutes. An assistant attorney general engaged in presenting evidence to the jury secured an order from a then district court judge extending the jury term to May 30, 1971, or until discharged by the court, or until its business was completed, whichever occurred first.

In January 1971 the 1971 grand jury panel convened and the first quarter 1971 grand jury was selected.

May 27, 1971, the 1970 grand jury returned eight indictments against certain public officers and others, charging them with accepting or giving a gift, commission or gratuity in violation of § 741.1, The Code.

The individuals indicted, plaintiffs herein, petitioned the district court for a writ of certiorari which was issued and ultimately sustained. Trial court entered judgment wholly annulling the action taken by the 1970 grand jury in the calendar year 1971 as being in excess of its jurisdiction. Defendants appeal and we affirm.

Counsel concede plaintiffs were subsequently indicted by a presumably properly impaneled 1971 grand jury. Although we generally decline to decide moot questions, we chose to deal with the issue on its merits because it is of substantial public interest and importance. See, e. g., Maguire v. Fulton, 179 N.W.2d 508 (Iowa 1970); Board of Dir. of Ind. Sch. Dist. of Waterloo v. Green, 259 Iowa 1260, 147 N.W.2d 854 (1967).

Our review in this certiorari action is of course limited to correction of errors at law and is not de novo. Rules 318, 334, Rules of Civil Procedure.

At common law a grand jury existed only during the term of court for which it was summoned and its life terminated upon the expiration of that term. People v. Brautigan, 310 Ill. 472, 142 N.E. 208 (1923); Ex Parte Frye, 173 Kan. 392, 246 P.2d 313 (1952); 38 C.J.S. Grand Juries § 32(a), pp. 1022–1023. In accord with this concept of limited life is § 770.24, The Code, which provides, "The grand jury, on the completion of its business, shall be discharged by the court, but, whether its business be completed or not, it is discharged by the final adjournment thereof."

Section 770.24 would control the issue at hand but for the fact our district courts are now in continuous session. See Regular Session of the 62nd General Assembly, Chapter 400, Section 261 (1967) which repealed § 604.14, The Code, 1966. Because there is no longer a "final adjournment" of court, the last clause of § 770.24 is

now ambiguous. The legislature's failure to repeal this provision, however, indicates an intent there should be some limit to the grand jury term.

We are thus compelled to consult other code sections relating to grand juries and construe them *in pari materia* with § 770.-24, The Code. Section 609.25, The Code, details the procedure of grand jury panel selection, refers to a calendar year, and provides, "Such grand jury panel shall constitute the panel from which to select the grand jurors for one year."

Section 609.32, The Code, provides:

"The twelve persons from whom the grand jury is to be impaneled shall convene regularly four times a year on the first secular Monday of the first month of each calendar quarter without summons, or upon summons at such other additional times as the court may order."

Particularly pertinent is § 609.26, The Code, which states, "No person on the list of grand jurors shall be eligible to *serve* as a grand juror except for one calendar year of the biennial period for which the list is made." (Emphasis supplied.)

Section 609.2, The Code, states:

"The appointive commission, in the preparation of said lists, shall not place thereon the name of any person:

" * * *

"6. Who has served in said county and in the district court as a grand or petit juror since the first day of January preceding the last general election."

Section 770.11, The Code, provides for replacement grand jurors, to be drawn from the list to "serve * * * *for the remainder of the year.*" (Emphasis supplied.)

The above sections read together, indicate plainly that no person who served on a grand jury in 1970 is eligible to serve as a grand juror in 1971. We find illogical defendants' argument the statutes relate only to who may be eligible for selection and say nothing about how long they may serve. Under such construction a grand jury properly selected could continue to function indefinitely at the will of the court. This result is contrary to the clear intent of the Code. Defendants' argument also ignores the plain language of § 609.26 which uses the words "eligible to serve," not the words "eligible for selection." The proper statutory interpretation negates any implied authority the court might otherwise have to extend the operation of the 1970 grand jury.

The body meeting in 1971, purporting to act as a grand jury, was illegally constituted. It consisted of persons ineligible to serve. It was not a grand jury *de jure*. After the regular 1971 grand jury convened in January, the body ceased to be even a *de facto* grand jury. See 38 C.J.S. Grand Juries § 32(b), at p. 1023; cf. First Regular Session of the 64th General Assembly, Chapter 265, Section 1 (1971) amending § 609.25, The Code, 1971, to allow for the first time the impaneling of a second grand jury by order of a majority of the judges of district court. The indictments returned by the 1970 grand jury in May of 1971 were illegal and in excess of its jurisdiction.

The following cases from other jurisdictions based on different statutes support our conclusion. People v. Brautigan, 310 Ill. 472, 142 N.E. 208 (1923); State v. Lewis and Clark County, 124 Mont. 282, 220 P.2d 1052 (1950); State v. Mirman, 99 Ohio App. 382, 133 N.E.2d 796 (1955). But see People v. Hall, 16 Ill.2d 223, 157 N.E.2d 26 (1959); Shenker v. Harr, 332 Pa. 382, 2 A.2d 298 (1938).

Both parties cite and discuss State v. Winebrenner, 67 Iowa 230, 25 N.W. 146 (1885). *Winebrenner* is distinguishable from the case at bar because under the statutes in effect at that time eligibility to serve on the grand jury was tied to the "court year" (from the first term of court in the calendar year until the corresponding term in the following calendar year),

rather than the "calendar year." Compare § 239, The Code, 1873, with § 609.26, The Code, 1966. That case is also distinguishable on its facts. In *Winebrenner* the indictment was returned on January 7, and there was no proof the indicting body was not a *de facto* grand jury at that time.

Defendants persuasively argue sound policy reasons for extending a grand jury term into a new calendar year when a complicated situation is under investigation. In view of the clear intent of our present statutes, that argument should be addressed to the legislature, not the court.

Trial court did not err in sustaining the writ and annulling the action of the 1970 grand jury taken in 1971. For the reasons stated above, we affirm.

Affirmed.