BIDWELL *et al.* v. LOVE, *Sheriff.*

No. 2142, Okla. T.   Opinion Filed November 13, 1908.

(98 Pac. 425.)

1.    COURTS—Territorial District—Adjourned Sessions.   The district courts of Oklahoma Territory had authority and power to hold adjourned sessions of court, after the commencement of the regular term, at a time or times not designated in the order of the Supreme Court fixing the times when terms of said court should begin.

2.    SAME. The proceedings of such adjourned sessions are not coram non judice and void, notwithstanding the regular term in another county. in the same district had intervened between the time of the adjournment and the convening of the adjourned session.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action By F. A. Bidwell and others against J. P. Love, sheriff. Judgment for defendant, and plaintiffs bring error. Affirmed.

At the June, 1904, term of the Supreme Court of the territory of Oklahoma an order fixing the terms of court for the Second judicial district, omitting caption, was made as follows:

"That terms of the district court in the Second judicial district of the territory of Oklahoma are hereby fixed to be begun and held as follows: The county of Custer at Arapaho, Monday, September 5, 1904; for the county of Greer at Mangum, Monday, September 26, 1904; for the county of Roger Mills at

Cheyenne, Thursday, September 15, 1904; for the county of Cleveland at Norman, Monday, October 17, 1904; for the county of Kingfisher at Kingfisher, Monday, October 31st, 1904; for the county of Canadian at El Reno, Monday, November 21, 1904. It is further ordered that the clerk transmit a duly certified copy of this order attested by his official signature and the seal of this court to each of the district courts of the territory and to the United States attorney and to the United States marshal."

Said order was transmitted to the district court of Kingfisher county and filed in the office of the clerk of said court, and, pursuant to said order, the district court of Kingfisher county convened at Kingfisher on the 31st day of October, 1904, and held continuous sessions until the 10th day of November, at which time the court adjourned until the 16th day of January, 1905, at 9 a. m. On the 21st day of November, 1904, the court convened at El Reno in Canadian county. On January 16, 1905, said court reconvened at Kingfisher in regular session pursuant to the adjournment of November 10, 1904, and on said day a cause entitled "City Deposit Bank Co., Plaintiff, v. F. A. Bidwell *et al.*, Defendants," came on for trial and was tried, resulting in judgment in favor of plaintiff against all the defendants except one for the sum of $1,175, with interest and costs. Execution was issued against the defendants and was placed in the hands of the sheriff. Plaintiffs in error, plaintiffs below, then filed this action seeking to enjoin defendants from levying under said execution. Plaintiffs in their petition allege substantially the facts here stated. A demurrer was filed to plaintiffs' petition, and the same was sustained by the trial court, from which judgment plaintiffs appealed to the Supreme Court of the territory of Oklahoma, where the case was pending at the time of the admission of the state, and is now before this court for final disposition under the provisions of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267).

*P. S. Nagle,* for plaintiffs in error.

*F. L. Boynton,* for defendant in error.

HAYES, J. (after stating the facts as above). ·The sole question presented in this case is: Did the district court of Oklahoma Territory have power to hold adjourned sessions of court after the commencement of the regular term at a time not designated in the order of the Supreme Court fixing the terms of said court and subsequent to the regular term of the court in another county in the same district?

The section of the organic act under which the Supreme Court acted in fixing terms of the court for the Second judicial district reads as follows:

"The Supreme Court shall define said judicial districts and shall fix the times and places at each county seat in each district where the district court shall be held, and designate the judge who shall preside therein."

It will be noticed that the court in fixing the terms of the district court at the various places in said district only fixes the date on which the court shall convene at the respective places, and does not attempt by its order to fix the length of time at such places. The question presented by the record in this case was directly presented and passed upon by the Supreme Court of the territory of Oklahoma in *Re Dossett*, 2 Okla.. 369, 37 Pac. 1066, in which case the petitioner had been convicted at an adjourned session of the district court of Logan county held subsequent to a term of the same district court in Payne county, which intervened between the convening of the term of the court in Logan county and the adjourned session at which the petitioner was convicted, and the petitioner filed his petition for writ of *habeas corpus* on the ground that the proceedings of the court at such adjourned term were *coram non judice* and void. Mr. Justice Scott, who delivered the unanimous opinion of the court in that case, carefully reviewed the authorities applicable to the question presented by petitioner's petition, and held that the proceedings of the district court of Logan county at such adjourned session, notwithstanding a regular term of the court in Payne county in the same judicial district had intervened between the time of the adjournment of

the court in Logan county and the convening of the adjourned session at which Dossett was tried and convicted of murder, were not void. The case was cited, approved, and followed by this court in *Logan v. Brown*, 20 Okla. 334, 95 Pac. 443.

Plaintiffs in error have suggested no reason whatever nor called our attention to any case that indicates that the conclusion reached by the court in those cases is not sound. The same question has been recently passed upon by the Supreme Courts of Kansas and New Mexico. *State v. Crilly*, 69 Kan. 802, 77 Pac. 701; *State v. Pearson*, 70 Kan. 901, 79 Pac. 1133; *Territory ex rel. Hubbell v. Armijo* (N .M.) 89 Pac. 268. The rule announced by the courts in those cases is the same as the rule announced in *Re Dossett, supra.*

The judgment of the trial court is in all things affirmed.

All the Justices concur.