GEO. R. TUCKER v. STATE.

No. A-1975. Opinion Filed April 14, 1914.

(139 Pac. 998.)

1.  COURTS—County Court—Terms—Continuation. Under the statute (sections 1823, 1824, Rev. Laws 1910) the general terms of county courts begin on the first Mondays of January, April, July, and October. When the general term of a county court has been once regularly convened on the day fixed by law, it continues until the time fixed by law for the next succeeding general term, unless previously adjourned sine die.

2.    **SAME—Adjournment.** The clause of section 1824, Rev. Laws 1910, providing that when so convened it may, ''by proper order of said court, be adjourned to such time as the judge thereof may deem proper: Provided, that the same shall not conflict with the term of said court provided for at any other place in said county''—is not intended as a grant of power to prolong the term. It merely commits to the sound discretion of the court the power to adjourn the sessions at the county seat from time to time as business may require.

3.    **SAME.** Where the statute provides that the county court shall hold terms at different places within the county other than the county seat, an adjournment of the regular term of court at the county seat may be had to a day later than an intervening term provided for by law at some other place in the county.

4.    **SAME—Regularity of Proceedings—Presumption.** Irregularities in the proceedings of county courts will not be presumed, but must be properly and affirmatively shown.

*Appeal from County Court, Jefferson County;*
*B: T. Price, Judge.*

George R. Tucker was convicted of a violation of the prohibitory law, and appeals. Affirmed.

*Bridges & Vertrees* and *I. R. Mason,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, George Tucker, was charged, jointly with one Will Hoskins, with the unlawful sale of intoxicating liquor. On a separate trial he was found guilty, and his punishment fixed at 30 days in jail, and $50 fine. The case was tried on the 1st day of February, 1913. Judgment and sentence pursuant to the verdict was entered on the 18th day of February. From that judgment this appeal is taken.

The only contention made is that:

"The county court was not legally in session when plaintiff in error was tried, convicted, and sentenced, in that it appears from the record contained in the case-made that the county court of Jefferson county convened on the first Monday in January, 1913, and plaintiff in error was tried on the 1st day of February, and was sentenced on the 18th day of February, 1913, and no order of court appears extending the term as fixed by law. Therefore the January term of the county court had expired by operation of law before the 1st day of February, and

before the 18th day of February, and for this reason the entire proceedings were a nullity, and are without force or effect in law."

Sections 1823, 1824, and 1825 of the Revised Laws are as follows:

"Sec. 1823. In each county, commencing on the first Monday of January, April, July and October of each year, except as otherwise herein provided, county court shall convene at the county seat and continue in session so long as business may require: Provided, that said courts shall always be open and in session for the transaction of all probate business in their respective counties.

"Sec. 1824. In counties where it may be provided by law for such court to be held at a place or places other than the county seat, such court shall convene on the first Monday of January, April, July and October of each year, at the county seat, and remain in session for a period of three weeks, and may then, by proper order of said court, be adjourned to such time as the judge thereof may deem proper: Provided, that the same shall not conflict with the term of said court provided for at any other place in said county; and provided, further, that said term of court cannot be adjourned to resume at a later date than eight weeks from the date of entering the order of such adjournment.

"Sec. 1825. If there is only one place other than the county seat at which it is provided by law for holding terms of the county court, the terms of said court at such place shall commence on the first Mondays of February, May, August and November of each year, and continue in session for the period of three weeks, if the public business requires it."

By statute it is provided that the town of Cornish shall be an additional place for the holding of county court in Jefferson county, and the presumption is that on the 3d day of February, which was the first Monday in February, the county court, as by law provided, convened at Cornish. Upon careful consideration, plaintiff in error's contention we must regard as untenable and without foundation in law. The rule is too well settled to admit of controversy that, where a general term of court has been once regularly convened, on the day fixed by law, it can expire only by adjournment *sine die,* or by operation of law, and, unless adjourned *sine die,* will not so expire by operation of

law until the first day of the next general term. *St. Louis & S. F. R. Co. v. James,* 36 Okla. 196, 128 Pac. 279. The trend of the courts is to so construe the law, if possible, as to uphold the sessions of courts actually doing business.

The fair import of the language of section 1823, above quoted, is that when a general term of the county court has been regularly convened at the county seat, on the day fixed by law, the term continues until the convening of the next succeeding term at the county seat, unless previously adjourned *sine die.* The language of section 1824 providing that when so convened, it may then "by proper order of said court, be adjourned to such time as the judge thereof may deem proper: Provided, that the same shall not conflict with the terms of said court provided for at any other place in said county"—is not intended as a grant of power to prolong the term, but merely commits to the sound discretion of the court the power to adjourn the sessions of court at the county seat from time to time as business may require.

The contention that the intervention of a term of the county court at the court town of Cornish caused a lapse of the January term at the county seat is also untenable. *Bidwell v. Love,* 22 Okla. 549, 98 Pac. 425; *State v. Crilly,* 69 Kan. 802, 77 Pac. 701.

The question presented in this case was first raised in the lower court as a ground for new trial. No evidence, record or otherwise, was offered tending to support the motion for new trial, and the case-made does not contain a certified transcript of the court records showing the adjournments for the January term of said county court.

"The offense charged being one within the jurisdiction of the court, the plaintiff in error being present, and the trial being had on a day between the dates fixed by law for convening and finally adjourning the term, every presumption is in favor of the regularity of the proceeding; and this must be overcome by a proper showing in the case-made before we should hold that the court did not have jurisdiction." (*Wilson v. State,* 3 Okla. Cr. 714, 109 Pac. 289.)

The other errors assigned are not deemed material.

Having not been able to find any reversible error in the proceedings in this case, the judgment appealed from will be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.