## GENTRY VIADOCK v. STATE.

No. A-4813.    Opinion Filed May 23, 1925.
(236 Pac. 56.)

(Syllabus.)

1.    **Appeal and Error—Evidence—Error not Presumed—Burden on Accused to Establish Defect in Search Warrant.** Error is not presumed, but must be made to affirmatively appear in order to avail a defendant. Where a defendant contends that a search warrant is invalid, the burden is on him to establish the defect complained of.

2.    **Searches and Seizures—Search Warrant not Rendered Invalid by Failure to Make Return.** A search warrant, otherwise valid, which has been executed within ten days from the time it was issued, is not rendered invalid by failure of the officer to make return thereon.

3.    **Trial—Statements by Court Concerning Giult of Accused in Presence of Jury Held Reversible Error.** It is the duty of a trial court, in making any order or ruling in the presence of the jury, to refrain from intimating or expressing an opinion as to the credibility of the witnesses, the weight and value to be given to their testimony, the facts proven. or guilt of the defendant, and the expression or intimation of such opinion is prejudicial error.

4.    **Trial—In Felony Case Less Than Capital, Names of Omitted Witnesses Properly Indorsed on Information During Trial.** In a felony case, less than capital, the names of witnesses may be indorsed on the information during the trial, where it appears they were inadvertently omitted, and there was no bad faith in failing to have them indorsed prior to the trial.

Appeal from District Court, Pittsburg County; A. C. Brewster, Judge.

Gentry Viadock was convicted of violating the liquor laws as a second offense, and appeals. Reversed and remanded.

Hulsey, Null & Hulsey, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant. Defendant was convicted in the district court of Pittsburg county for a felony as a second conviction under the liquor laws of the state, and sentenced to a term of 5 years in the penitentiary, and to pay a fine of $2,000, and appeals.

The record discloses that the defendant is a Lithuanian, a widow with 8 children, the oldest 14 years of age. Apparently she is a persistent offender against the liquor laws. Counsel for defendant assigns error, first, in admitting evidence obtained by an illegal search warrant; second, error in statements made by the county attorney and the trial judge in the presence of the jury; third, error in permitting indorsement of the name of an additional witness in the course of the trial.

Upon the first assignment of error it appears that a deputy sheriff and a federal raiding officer searched the residence of defendant, and found concealed under the floor 14 gallons of choc beer, which was shown by analysis to contain 4.1 per cent. of alcohol, measured by volume. There was proof of other convictions of defendant in the police, county, and federal courts for violations of the liquor law. The evidence discloses that the deputy sheriff at the time of search had a search warrant and was acting under it. Neither the state nor the defendant offered the search warrant nor the affidavit on which it was based in evidence.

Error will not be presumed. If the search warrant or affidavit on which it was issued was insufficient, such fact should be proven by the introduction of the instruments in evidence, or by some proper showing why this was not done, with secondary evidence of their contents. It is also contended, that inasmuch as no return was made on the search warrant, that it is void under the provisions of section 2886, Comp. St. 1921, which reads:

"A search warrant must be executed and returned to the magistrate by whom it is issued within ten days. After the expiration of these times respectively, the warrant, unless executed, is void."

It will be observed that the statute makes the warrant void if not executed in 10 days, this being for the purpose of prohibiting promiscuous search on stale warrants, and limits validity to a period of 10 days. However, the statute does not make void such warrants as have been executed by failure of the officers to make return thereon. It is the duty of the officer serving the search warrant to make due return when the same is served, but the failure to do this does not invalidate and make void what was legally done under the authority of the search warrant.

Considering the second assignment, it appears that during the course of the trial and in the presence of the jury, while the defendant was on the stand, the following took place between the court, the county attorney, and assistant county attorney:

"The Court. Gentlemen, I think these children ought to be looked after. I want to say this; it may be wrong. What use would it be to send this woman to the penitentiary or send her to jail? I do not think there would be any question about her guilt. I think the county judge ought to take hold of these children.

"Mr. Gotcher: This woman has been tried repeatedly.

"The Court: Yes, I say, there is no use to try her.

"Mr. Gotcher: We have tried before a jury to take these children away from this woman, and the jury refuses to do it. We proved everything. from selling whisky, down,

"The Court: I think the county judge has full authority, as I understand the law. * * *

"Mr. Whitt: This is the only way we can get those children, is to convict this woman. * * * (Objections.)

"The Court: All right; that will be withdrawn. I am trying to do this in the interest of humanity. If you are going to make these objections, it is a different proposition. I was trying to do something to protect the children. If this woman is not willing for the children to be properly taken care of, that is a different proposition. * * * If this woman is not willing for these children to be taken care of and put under proper influences, then we will stay here all summer and put them where they ought to be."

Upon objection the court withdrew and struck out these statements of the county attorney and assistant county attorney, and the court, and instructed the jury not to consider them. That these statements clearly violate the rule announced by this court in the following cases is evident: Hicks v. U. S., 2 Okla. Cr. 626, 103 P. 873; Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689; Reed v. State, 5 Okla. Cr. 365, 114 P. 1114; Westfall v. State, 30 Okla. Cr. 15, 235 P. 270.

The substance of the rule is to the effect that the trial court should refrain from allowing their actions or words to indicate to the jury their opinion of the guilt or innocence of the defendant, the credibility of any witness, or the weight to be given any testimony, and whatever the motive of the court in so doing does not affect the impropriety of the remarks in question. The withdrawal of the same in this case does not cure the error.

During the course of the trial the deputy court clerk was called as a witness to prove the prior conviction of the defendant, and the county attorney asked leave to indorse

his name on the information stating that it had been omitted by oversight, and to the order of the court permitting the indorsement the defendant excepted. It is discretionary with a trial court to permit the indorsement of the names of witneses, where the same appear not to have been withheld through any intent or any ulterior purpose. Bigfeather v. State, 7 Okla. Cr. 364, 123 P. 1026; Hawkins v. State, 7 Okla. Cr. 385, 123 P. 1024; Star v. State, 9 Okla. Cr. 210, 131 P. 542; Grayson v. State, 12 Okla. Cr. 226, 154 P. 334; Ghormley v. State, 11 Okla. Cr. 532, 148 P. 1057; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102.

No abuse of discretion is shown. No other assignments of error call for comment.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.