## J. W. TYMER v. STATE.

No. A-6482. Opinion Filed May 25, 1929.
(277 Pac. 676.)

Orban Patterson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of having possession of intoxicating liquor, and was sentenced to serve a term of 60 days in the county jail and to pay a fine of $200.

The record discloses that at the time charged an officer with a search warrant went to the place of business of defendant, which was a secondhand furniture store and at which place defendant and his wife also lived. As the officer walked into the building, he discovered defendant in a recess or cache under the stairway, passing out whisky to a woman standing by. Thirty-two half-pint bottles of whisky were found and seized. The defendant did not take the stand and offered no evidence.

The contention is made that the defendant's motion to suppress the evidence should have been sustained for the reason that the search was illegal. The officer was somewhat confused in his testimony. At first he testified that he procured the search warrant from one justice of the peace, but on it appearing that the records of this justice disclosed no search warrant issued on that day he corrected his testimony to state that it was another justice of the peace, and the affidavit and warrant were produced. The affidavit and the search warrant described the place to be searched as 327 West Reno street, Oklahoma

City, while the return thereon described it at 327 West Third street. It is undisputed that defendant lived at 327 West Reno, the place described in the affidavit and search warrant and the place that was searched and where the whisky was found. This being so, the error in the return of the search warrant does not render it invalid. Cornelius on Search and Seizure, § 223.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.