MRS. FRANK NASH v. STATE.

No. A-7172. Opinion Filed April 5, 1930.
Rehearing Denied April 26, 1930.
(286 Pac. 910.)

O. H. Whitt, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. This is an appeal by a transcript of the record from a judgment of conviction rendered in the district court of Pittsburg county against the plaintiff in error, hereinafter called defendant, on a charge of adultery, wherein the defendant was sentenced to pay a fine of $100 and to pay the costs of the action taxed at $112.

The transcript includes only a copy of the information, the instructions of the court, the verdict of the jury, the motion for new trial, the minutes of the trial of the dates March 8 and 9, 1928, and March 24, 1928, the supersedeas bond, notices of appeal, and the certificate of the court clerk to the transcript. That it is a full, true, correct and complete copy of all the pleadings, records, motions, orders, and demurrers in the cause.

But one question is attempted to be raised by this appeal, and that is that the trial court erred in pronouncing judgment against the defendant in her absence. The transcript does not contain a copy of the journal entry of judgment if one was entered in said cause. All the record bearing on the question is contained in the minutes of the court clerk on date of March 24, 1928, and is as follows:

"Motion for new trial overruled. Defendant Excepts. Judgment $100.00 and costs. Excepts. Motion given in open court of intention to appeal to Criminal Court of Appeals. 60-10-5. Bond fixed at $425.00."

It nowhere appears from such minutes, nor from any other part of such transcript, that the defendant was not present at the time judgment was rendered. On the contrary, such minutes show that the defendant on that date excepted to the action of the trial court in overruling the motion for new trial and in pronouncing sentence and gave notice in open court of her intention to appeal to the Criminal Court of Appeals. So that it appears from such minutes not that the defendant was absent at the time judgment and sentence was pronounced, but the minutes would indicate that she was present. In the absence of an affirmative showing to the contrary, this court will presume that the defendant was present throughout the proceedings, where it appears that the defendant was present when the trial began and throughout various stages thereof. The presumption as to the regularity of the proceedings in courts of record always obtains in the absence of a contrary showing. Johnson v. State, 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300; Beatty v. State, 5 Okla. Cr. 105, 113 Pac. 237; Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620; Burns v. State, 8 Okla. Cr. 554, 129 Pac. 657; Tucker v. State, 10 Okla. Cr. 565, 139 Pac. 998.

It not affirmatively appearing from the record that the defendant was absent at the time judgment and sentence was pronounced, the presumption of law is that she was there, and that all the proceedings were legal and regular. For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.