## H. E. SMITH v. STATE.

No. A-7793.   Nov. 6, 1931.
(4 Pac. [2d] 1076.)

George L. Zink and Harry Hicks, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa county of the unlawful transportation of intoxicating liquor, and was sentenced to pay a fine of $300 and to serve 60 days in the county jail.

The facts are undisputed. Before trial a motion to suppress the evidence was filed on the ground that it had been obtained by an unlawful search. A hearing was had, and the motion was overruled. The case depends entirely on whether or not the evidence was obtained by an unlawful search. Upon this point the record shows that the sheriff and deputies saw defendant on the highway and followed him some 12 miles, in the course of which they went through the town of Snyder. The sheriff testified defendant traveled at a speed of from 58 to 60 miles on hour; that, when he finally overtook and stopped him, he arrested him for speeding and reckless driving; that the search was made as an incident to a lawful arrest. Defendant, testifying on the motion to suppress, said the sheriff when he stopped him on the highway informed him he was arresting him for speeding. Twenty-four half gallons of whisky were found in the turtleback of the car. In the final trial, defendant did not take the stand and offered no testimony.

It is well settled that an officer making an arrest has authority to search the person and immediate place of

arrest of his prisoner and to take from him any dangerous weapons or anything that he may reasonably deem necessary to his own or the public safety or to prevent the escape of his prisoner or which might be used as evidence against him on the trial or which he believes to be connected with the offense charged or that may give a clue to the commission of the crime. 2 R. C. L. p. 467, § 25, notes; 5 C. J. p. 434, § 74F, notes; Reifsnyder v. Lee, 44 Iowa, 104, 24 Am. Rep. 733; Berg v. State, 29 Okla. Cr. 112, 233 Pac. 497; Washington et al. v. State, 37 Okla. Cr. 415, 259 Pac. 150; Callahan v. State, 42 Okla. Cr. 425, 276 Pac. 494.

The right to take from a person lawfully arrested property found in his possession or the place of his arrest is not unlimited. It has been said that it is doubtful if the right exists except for some of the reasons enumerated. 5 C. J. 435, § 74, note 95.

In the case of contraband, however, as intoxicating liquor or narcotics, the possession of which itself constitutes a crime, it surely would be the duty of the arresting officer to seize when discovered. Also the quantity of whisky conveyed by defendant in his automobile is a reason for the excessive speed at which he traveled.

This court will not uphold an unreasonable search where it appears that one is illegally arrested on some subterfuge for the purpose of justifying or attempting to justify a search otherwise unlawful If the arrest is unlawful, the search is unlawful. Wallace v. State, 49 Okla. Cr. 281, 294 Pac. 198. As we read the record, this is not the situation here. A person driving an automobile upon the highway at the speed shown by the evidence is engaged in the commission of a misdemeanor (section 2

[Laws 1923, c. 16 as amended by] chapter 43, Session Laws 1929), and may be lawfully arrested by a peace officer.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.