## MARIE HENSLEY v. STATE.

No. A-8184.   Nov. 6, 1931.

(3 Pac. [2d] 211.)

C. B. Leedy, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. ' The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $200 and to serve 30 days in the county jail.

An affidavit for search warrant was filed to search the residence and premises belonging to defendant, alleging the property to belong to Jim Walton. Upon search, six gallons of whisky were found. Defendant and Jim Walton were jointly charged. Walton was acquitted

and defendant convicted, as stated. The search warrant was served on the day it was issued, but was not returned for 47 days. Defendant filed an application for a severance, which was denied. Considerable of the testimony went to the association of defendant with Walton, and was not particularly relevant to the question of guilt or innocence. Defendant did not testify.

It is argued that the court was not legally in session at the time of the trial. The record discloses that after completing the business of the court in January, the court announced, "Well, that is all for this time," and did not fix a time for the again convening. Defendant insists this amounted to an adjournment sine die. During February, the court transacted business by accepting a plea of guilty and imposing sentence in a criminal case. The trial in the instant case was in March.

The regular terms of the county court are fixed by section 3178, Comp. Stat. 1921, and are the first Mondays of January, April, July, and October. When a general term of the county court has been once regularly convened on the day fixed by law, it continues until the time fixed by law for the next succeeding general term, unless previously adjourned sine die. Tucker v. State, 10 Okla. Cr. 565, 139 Pac. 998; Ex parte Haley, 23 Okla. Cr. 339, 214 Pac. 1090; The statement by the judge, "That is all for this time," is no more than an announcement of recess of the court, and is not an adjournment sine die.

Complaint is also made that the failure of the sheriff to make return of the search warrant for 47 days after its service renders the search illegal. The failure of the sheriff to make return of the warrant, as provided by statute (sections 2888, 7009, Comp. Stat. 1921), is the dereliction which is condemned. If it appeared that this

24

failure by the sheriff to observe the statute resulted in any prejudice to the defendant, we should not hesitate to reverse the case. When a legal search warrant is made under a valid warrant, the failure of the officer serving the warrant to make return does not render the search invalid. Rose v. U. S. (C. C. A.) 274 F. 245; Viadock v. State, 30 Okla. Cr. 374, 236 Pac. 56.

Some other questions are presented, but none are of sufficient merit to require special discussion.

Upon an examination of the entire record, we are of the opinion that justice requires the fine assessed be reduced to $50.

As modified, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.