## JOHN W. JACKSON v. STATE.

No. A-9883.   Nov. 5, 1941.
(118 P. 2d 1044.)

150

Holly Anderson, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, John W. Jackson, was charged on February 3, 1940, in the court of common pleas of Tulsa county, jointly with L. W. Curry, with the offense of unlawful possession of intoxicating liquor, tried, convicted and sentenced to serve a term of 60 days in jail and to pay a fine of $100, and appeals to this court.

Counsel for defendant contends in his brief that the court erred in overruling his motion to suppress the evidence, and that the evidence is insufficient to support the conviction.

The officers' return upon the search warrant issued for defendant reads as follows:

"Received the within writ at............ o'clock on the 3rd day of Feb. 1940.  That on the 3rd day of Feb., 1940, I made service thereof by a search of the premises within described, and by seizing the following described liquors, implements, furniture and fixtures therein kept, to wit: One 25 gallon copper still, 800 gal. of mash and 4 gallon of corn whisky.  That I found said property in the possession of one L. H. Curry;  that I served the within writ by delivering a true and correct copy thereof personally to one John W. Jackson; that I found no person in possession thereof; that I made services of said writ of posting a true and correct copy of said warrant on the door of the building and room  wherein said described property was found."

The contention on behalf of defendant is that the return to the search warrant should reflect actually and truthfully the proceedings had by the officers, and that the return of the search warrant in this case is not consistent and cannot be true.

Section 2635, O.S.1931, 37 Okla. St. Ann. § 84, which is a part of the Enforcement Act, states that the officer should make a return of the search warrant "within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same is found."

On the hearing upon the motion to suppress the evidence, it was shown that the officers went to the premises described in the warrant. They served the warrant upon Curry, who was in a shed at the back of the lot, in which shed was a still, some mash, and whisky. Officers arrested Curry, and then went into a house in front of the shed and arrested defendant.

The return complained of was made after the above search.

Section 3233, O.S.1931, 22 Okla. St. Ann. § 1233, provides:

"The officer must forthwith return the warrant to the magistrate, and deliver to him a written inventory of the property taken, made publicly, or in the presence of the person from whose possession it was taken, and of the

applicant for the warrant, if they be present, verified by the affidavit of the officer, and taken before the magistrate." * * *

In Hensley v. State, 53 Okla. Cr. 22, 3 P. 2d 211, this court stated that if it appeared that the failure of the sheriff to observe the statutes, sections 2635 and 3233, O. S. 1931, supra, resulted in any prejudice to the defendant, the case would unhesitatingly be reversed.

In Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185, it was held:

"A search warrant, otherwise valid, which has been executed within ten days from the time it was issued, is not rendered invalid by failure of the officer to make a return thereof." Hensley v. State, supra.; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56.

In Whitwell v. State, 65 Okla. Cr. 178, 83 P. 2d 881, 886, this court said:

"The Enforcement Act [which includes sec. 2635, supra] does not make invalid what was legally done under authority of a search warrant by failure of the officer to make due return thereon."

No explanation of the statements made in the return appears in the record. The search warrant was legally issued and executed; and, where such is the case, statements in the return are immaterial as bearing upon the validity of the search and seizure, unless defendant shows prejudice by reason of such statements.

Defendant's motion to suppress the evidence was properly overruled.

Defendant further contends that the evidence was insufficient to sustain the conviction.

On February 3, 1940, officers of Tulsa county, pursuant to a search warrant legally issued, made a search of certain premises in the city of Tulsa, which belonged to

the defendant. There was a house on the front of the lot and a shed on the rear of the lot, about 20 feet from the house. The officers went directly to the shed, where they found the codefendant, Curry, with an apron on, working with a copper whisky still. In addition to the still, they found a gallon and half of whisky and some ten barrels of mash. After arresting Curry, the officers went to the house and found defendant, and arrested him. The defendant at that time stated to the officers that he owned the premises, but that the whisky belonged to Curry. Curry entered a plea of guilty to the charge of possession of intoxicating liquor.

The defendant did not testify, and no evidence was offered in his behalf.

After considering this evidence, it is our opinion that the state has made a prima facie case. The defendant was the record owner of the property on which the whisky was found. He was living in the house, just 20 feet from the shed where the still was in operation. We think that the size of the still, together with the fact that ten barrels of mash were found in the small shed belonging to the defendant, is sufficient in the absence of any explanation by the defendant to sustain the conviction.

This case was tried to the court without a jury; and, under the evidence, the trial court was justified in concluding that the defendant and Curry were partners in this illegal enterprise.

The judgment of the court of common pleas of Tulsa county is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.