# McMILLON v. STATE.

No. A-11500.   July 23, 1952.

(247 P. 2d 295.)

Harland A. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.

Plaintiff in error Walter McMillon, defendant below, was charged by information in county court of Okmulgee county Oklahoma, with the crime of unlawful possession of intoxicating liquor, towit, 6 pints of tax paid whiskey, 13 half pints of tax paid whiskey and one pint of tax paid gin, with the unlawful intent of selling, bartering, giving away, etc., the same, allegedly committed on or about February 4, 1950. The defendant was tried by a jury, convicted, his punishment fixed at a fine of $50 and 60 days in jail, judgment and sentence entered accordingly, and from which judgment and sentence this appeal has been perfected.

The record discloses that the defendant's premises, which proof disclosed was a place of public resort, were searched under and by virtue of a search warrant. On May 1, 1950, a motion to suppress the evidence obtained under the search warrant was filed attacking the validity of the search warrant, the issuance, service and return thereon. On May 2, 1950, it appears a hearing was had on the motion to suppress, at which time no evidence was introduced in support thereof; and the motion to suppress was overruled by the trial court, with exceptions to the defendant. The burden of proof on motions to suppress is on the defendant to sustain the same by competent evidence. Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216, wherein it was said:

"The burden of proving the invalidity of a search warrant rests on the defendant, * * *."

Young v. State, 95 Okla. Cr. 149, 241 P. 2d 424. At the time of trial the defendant offered the search warrant and affidavit in evidence and attempted to call it to the trial court's attention on the motion to suppress, but such action came too late. In Dowell v. State, 95 Okla. Cr. 377, 245 P. 2d 455, we said:

"The evidence at the trial on the merits as a separate and distinct proceeding and evidence therein does not relate back to bolster up the evidence on the motion to suppress. They both must stand or fall on the separate records made therein."

On the motion to suppress there was nothing before the court but the naked allegations of the motion. In face of the record, the trial court had no alternative other than to overrule the motion to suppress. Franklin v. State, 89 Okla. Cr. 267, 206 P. 2d 1011:

"Burden of proof is upon the movant who files motion to suppress evidence to show that a search and seizure of intoxicating liquor was illegal; and where movant does not sustain the burden of proof, it is the duty of the court to overrule such motion."

It appears the defendant's counsel was erroneously laboring under the impression the burden was on the state to prove the validity of the search and seizure, but under the law the contrary is true. In a motion to suppress the accused alleges the invalidity of the search and seizure. It is fundamental that, he who alleges must prove the allegation. The record further discloses, that on May 17, 1950, at the time of trial, after the state's evidence was sought to be introduced in chief the defendant again sought consideration of the motion to suppress, but again he offered no evidence in support thereof. Thereafter the state made its case, amply supporting the charge as laid in the information. As hereinbefore indicated, the burden was on the defendant to support his motion to suppress at the earliest opportunity before trial. Here, he had two opportunities: First, on presentation of the motion on May 2nd, secondly, on May 17th when he interposed his objection to the introduction of the state's evidence, and moved to suppress. At each point he could have offered evidence in support thereof. But, having failed to offer proof in support thereof and waiting until the state offered proof of the offense, the objection was waived. It has been repeatedly held that the privilege of immunity against an illegal search and seizure is personal to the accused and one which will be considered waived unless timely objection to the introduction of evidence is interposed, and supported by proof, Sykes v. State, 95 Okla. Cr. 14, 238 P. 2d 384; and the court will presume the search was legal. Carrell v. State, 95 Okla. Cr. 125, 240 P. 2d 1131. Notwithstanding the law and the facts, over the objection of the county attorney, the trial court proceeded to hear the arguments on the sufficiency of the search warrant and again overruled the motion to suppress. The basis for the contention, the record discloses, was that the search warrant was issued to Blaine Hill, captain of the Okmulgee police department. The record discloses this contention is erroneous. It appears the search warrant was issued by the justice of the peace "to any sheriff, constable, marshal, or policeman of Okmulgee county, Oklahoma". This direction conformed to the provisions of Title 37, § 84, O.S.A. 1951, and the holding in Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018. The record shows the affidavit for search warrant was sworn to by Officer Hill, who thereafter delivered the same to his subordinate, James A. Sparks, a police officer of the city of Okmulgee, who served the same, made the search and seizure, and returned the fruits of the same to his superior officer, Blaine Hill. The return, therefore, on the search warrant was erroneously made by Captain Hill, on information furnished him by Officer Sparks. At the time of trial, when these facts were disclosed, the state was granted leave to amend and did amend the return to speak the truth.

The amendment forms the basis of the defendant's complaint herein. He does not predicate his complaint on a showing of prejudice arising out of the amendment. His objection is purely technical. It has been held in the absence of showing that prejudice resulted to the defendant in the officer's failure to comply with the statutory requirements in regard to making his return on a search warrant, the same will not constitute reversible error. Byrd v. State, 91 Okla. Cr. 433, 219 P. 2d 1027, 1028. It has even been held that a search warrant otherwise valid, which has been executed within 10 days from the time it was issued, is not rendered invalid by failure of the officer to make his return. Crim. v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Patterson v. State, 67 Okla. Cr. 98, 92 P. 2d 1079; Hensley v. State, 53 Okla. Cr. 22, 3 P. 2d 211; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56. Furthermore, this court has held where a search and seizure are legally made, statements of officers in return of search warrant are immaterial, as bearing upon the validity of the search and seizure unless defendant shows prejudice by reason of such statements. Jackson v. State, 73 Okla. Cr. 149, 118 P. 2d 1044. Moreover, it has been held that where a search warrant has been properly issued and served an error in the return of the search warrant, does not affect its validity. Tymer v. State, 43 Okla. Cr. 212, 277 P. 676; Cornelius on Search and Seizure, § 223. Finally, it has been held that an improper return on a warrant properly issued and served may be amended to conform to the facts. In the body of the opinion in Williams v. State, 95 Okla. Cr. 131, 240 P. 2d 1132, 1140, though not the controlling point at issue therein, it is said, "the return of course is subject to amendment". This conclusion is in keeping with the rule as announced in Search and Seizure, 56 C.J. 1245, § 166, Note 67; and the rule announced in relation to Process, 50 C.J. 606, § 360, Note 70; and 72 C.J.S. 1181, § 116, Note 92. Also Gandreau v. U. S., 1 Cir., 300 F. 21; State ex rel. Duckworth v. District Court of 17th Judicial District, 107 Mont. 97, 80 P. 2d 367; Henneke v. Strack, Mo. App., 101 S. W. 2d 743. In his brief, the defendant observes, "we are standing on our contention that the search warrant which was issued and used in this case was not issued, served and returned as provided by law". It is apparent the contention, that the trial court erred in overruling the motion to suppress, is without merit.

Notwithstanding the foregoing, the defendant contends that the evidence is insufficient. An examination of the record on this contention discloses the evidence was entirely sufficient. For all the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.