**STATE v. SPRADLING.**

No. A–11963.

Criminal Court of Appeals of Oklahoma.

June 2, 1954.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

Elmore A. Page, Tulsa, for defendant in error.

BRETT, Judge.

This is an appeal on a reserved question of law brought by the State of Oklahoma. This action was instituted in the court of common pleas of Tulsa county, Oklahoma, on March 7, 1953, charging the defendant in error S. C. Spradling with the offense of unlawful possession of intoxicating liquors, to wit, 180 pints and 39 fifths of Cascade whiskey, 60 pints and 51 fifths of Belmont whiskey, 72 pints and 60 fifths of 7-Crown whiskey and 2 fifths of Haig & Haig whiskey, 12 fifths of Gilbey's gin and 6 fifths of Fleischman's gin, all of which whiskey was allegedly possessed in Broken Arrow, Tulsa county, Oklahoma, on the 6th day of March 1953. To this charge the defendant entered a plea of not guilty. A jury was waived, the case tried by the court, the charge ordered dismissed and the defendant discharged. From the said order this appeal was perfected by the State on reserved questions of law.

It appears from the record that on March 6, 1953 an affidavit for search warrant was filed before Paul E. Simmons, Justice of the Peace of District No. 7, Broken Arrow, Oklahoma, Tulsa county, authorizing the search of a specifically described building located on the NE/4 of the NE/4 of Section 28, Township 18 North, Range 14 East of Tulsa county. On the same day a search warrant was issued in conformity with the affidavit for the search warrant to search for intoxicating liquors on the described premises. The search was conducted on the premises as described in the warrant and the seizure made as hereinbefore indicated, with the resulting information being lodged in the common pleas court of Tulsa county. No motion to suppress the evidence

for invalidity of the search and seizure was filed prior to trial. The case was called for trial May 8, 1953, the first witness sworn for the State, whereupon the defense objected to further proceedings in the following form, to wit:

"By Mr. Page:

"Comes now the defendant and objects to the introduction of any evidence for the reason that the affidavit for Search Warrant is insufficient on its face to warrant or justify the issuance of a search warrant.

"We further object to the introduction of evidence for the reason that there was no return ever made upon any search that might have been made, or upon any search warrant that might have been issued herein. That no inventory has ever been filed of any contraband obtained from such search, as provided by law, and the defendant has been unable to find from the records in this case any search warrant, and only on this date obtained a copy of an affidavit, under which a purported search warrant was issued, and that at the present time it is the defendant's understanding that no copy nor the original of any search warrant has been available, all being contrary to the laws of the State of Oklahoma as made and provided."

Counsel for the defendant then called Justice of the Peace Paul Simmons and introduced the affidavit for search warrant which was identified, marked and offered in evidence. An examination thereof discloses it to be in positive terms and entirely sufficient. The justice of the peace testified he did not have in his files a copy of the search warrant and that no return on the same had been made to him. Thereupon the county attorney offered to file a copy of the search warrant with the officer's return thereon showing the search to have been made on March 6, 1953, the same day the warrant was received. It was explained to the trial judge the copy of the warrant with the return thereon had been filed with the county attorney and the officer had believed he had made a return on the original but the return was on the copy he had filed with the county attorney. The county attorney offered the copy, a duplicate original, with the sheriff's return thereon. Apparently the original had been lost, in which case the copy would have been sufficient, Williams v. State, Okl.Cr., 240 P.2d 1132, 31 A.L.R.2d 851. The trial court should have received the copy of the warrant and return in evidence but the defense counsel objected on the theory that the copy of the warrant did not bear the seal of any court. The trial court made inquiry as to why the search warrant and return were not filed with the justice of the peace and he did not rule on the admissibility of the copy of the search warrant containing the sheriff's return. As hereinbefore indicated he should have admitted the same in evidence. On the question of the objection to the search warrant on the ground that it contained no seal the defendant cites no authority of law requiring the justice of the peace to have a seal, and we know of no statute requiring that the justice of the peace court have a seal. Thereafter the trial court sustained the defendant's motion and dismissed the case. The copy of the search warrant together with the sheriff's return was included by the parties hereto by stipulation. An examination of the search warrant and return thereon shows it to be valid in every respect. A formal order was prepared reserving the state's right to appeal.

Answers to the questions reserved on this appeal have been heretofore made except on the question that the sheriff's return was not made to the justice of the peace before trial. The answer thereto is contained in the following principles set forth in the cases hereinafter cited. In Shiever v. State, Okl.Cr., 230 P.2d 282, 286, it was said:

"The point raised was considered by this court in the case of Patterson v. State, 67 Okl.Cr. 98, 92 P.2d 1079. Therein we cite the case of Hensley v. State, 53 Okl.Cr. 22, 3 P.2d 211, 212, and held: 'A search warrant, otherwise valid, which has been executed within ten days from the time it was issued,

is not rendered invalid by failure of the officer to make return thereon.'"

See also McMillon v. State, Okl.Cr., 247 P.2d 295, 298:.

"It has been held in the absence of showing that prejudice resulted to the defendant in the officer's failure to comply with the statutory requirements in regard to making his return on a search warrant, the same will not constitute reversible error. Byrd v. State, 91 Okl.Cr. 433, 219 P.2d 1027, 1928. It has even been held that a search warrant otherwise valid, which has been executed within 10 days from the time it was issued, is not rendered invalid by failure of the officer to make his return. Crim v. State, 68 Okl.Cr. 390, 99 P.2d 185; Patterson v. State, 67 Okl.Cr. 98, 92 P.2d 1079; Hensley v. State, 53 Okl.Cr. 22, 3 P.2d 211; Viadock v. State, 30 Okl.Cr. 374, 236 P. 56. Furthermore, this court has held where a search and seizure are legally made, statements of officers in return of search warrant are immaterial, as bearing upon the validity of the search and seizure unless defendant shows prejudice by reason of such statements. Jackson v. State, 73 Okl.Cr. 149, 118 P.2d 1044. Moreover, it has been held that where a search warrant has been properly issued and served an error in the return of the search warrant, does not affect its validity. Tymer v. State, 43 Okl.Cr. 212, 277 P. 676; Cornelius on Search and Seizure, § 223. Finally, it has been held that an improper return on a warrant properly issued and served, may be amended to conform to the facts. In the body of the opinion in Williams v. State, Okl.Cr., 240 P.2d 1132, 1140 [31 A.L.R.2d 851] (not yet reported in State reports), though not the controlling point at issue therein, it is said, 'the return of course is subject to amendment'. This conclusion is in keeping with the rule as announced in Search and Seizure, 56 C.J. 1245, § 166, Note 67; and the rule announced in relation to Process, 50 C.J. 606, § 360, Note 70; and 72 C.J.S., Process, § 116 [page] 1181, Note 92. Also Gan-dreau v. U. S., 1 Cir., 300 F. 21; State ex rel. Duckworth v. District Court of Seventeenth Judicial District, 107 Mont. 97, 80 P.2d 367; Henneke v. Strack, Mo.App., 101 S.W.2d 743."

The defendant offered no proof as to the invalidity of the search warrant other than that hereinbefore set forth and he has completely failed to show any prejudice by reason of the foregoing things of which complaint was made to the trial court as hereinbefore set forth. It is therefore apparent that the trial court erred in sustaining the objection to the introduction of evidence on the grounds contained in the defendant's motion.

POWELL, P. J., and JONES, J., concur.