**418**

Fred Warren FORRESTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12253.

Criminal Court of Appeals of Oklahoma.

March 14, 1956.

Rehearing Denied May 16, 1956.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Fred Warren Forrester, hereinafter referred to as defendant, was convicted in the court of common pleas of Oklahoma County of the crime of unlawful possession of intoxicating liquor. His punishment was fixed by the jury at a fine of $50 and thirty days confinement in the county jail. Appeal has been perfected to this court.

A number of interesting and close questions from an academic standpoint are advanced in the within appeal. The briefs by counsel for appellant afford excellent presentations of the views advanced. However, it is only necessary for disposal of the within case to consider one specification of error raised, and that being whether or not the court erred in failing to suppress the evidence secured by the search of defendant's automobile.

Prior to the trial the defendant filed a motion to suppress, bottomed upon the proposition that his automobile was searched without authority of a search warrant, and that if his arrest that preceded the search was legal, the officers only had a right to search the defendant and his immediate surroundings, which did not give them the right and authority to search his automobile shown to have been outside the curtilage of the home where defendant was arrested, and that therefore the search was in violation of his constitutional rights, Art. II, § 30, Const. of Okla.

The issue raised must be resolved by the facts developed by the evidence heard on hearing of the motion in question. In analyzing the evidence heard on the motion, the basic principle must be kept in mind that on such a hearing the burden is upon one making such a motion to sustain by evidence the claim that the search was unlawful. Wirth v. State, 79 Okl.Cr. 59, 151 P.2d 819; Franklin v. State, Okl.Cr., 279 P.2d 1116; Micklick v. State, Okl.Cr., 285 P.2d 462; O'Dell v. State, 80 Okl.Cr. 194, 158 P.2d 180. Also that whether the search of a defendant's automobile is reasonable, is, in its final analysis, to be determined as a judicial question in view of all the circumstances. Webster v. State, 96 Okl.Cr. 44, 248 P.2d 646.

To sustain the motion to suppress defendant produced as a witness one of the officers who searched his automobile, and defendant also testified.

M. J. Mills testified that he was an officer in the police department of Oklahoma City; that on December 9, 1954 he, officers Leonard Bailey and Jack Caldwell were all at the residence of Lt. Grimes, the officer in charge of the vice bureau or special service bureau, in the northwest part of Oklahoma City; that certain cards had been distributed apparently by a bootlegger, giving brands of whiskies and a telephone number to call for delivery, so one of the officers telephoned the number given on the card and ordered a pint of whiskey. In a few minutes someone knocked at the door, or rang the bell, and officer Grimes went to the door and the defendant Forrester walked in. Witness said that his car was parked at the curb in front of the house. Witness stated that "when he came in the house, we got the whiskey. He had one pint of whiskey on him."

**420**

No question has been raised as to the legality of the arrest and with no more information than the record affords we must assume that the defendant voluntarily displayed or produced the pint of whiskey he apparently had for delivery in response to the telephone call. Such display would, of course, constitute the commission of a misdemeanor in the presence of the officers and have entitled them to arrest the defendant for transportation of intoxicating liquor, or possession, as they might see fit. They did place defendant under arrest there in the home.

In Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464, 476, the general rule governing the search of a person lawfully arrested and set out in Smith v. State, 1931, 52 Okl.Cr. 315, 4 P.2d 1076, is quoted as follows:

"'It is well settled that an officer making an arrest has authority to search the person and immediate place of arrest of his prisoner and to take from him any dangerous weapons or anything that he may reasonably deem necessary to his own or the public safety or to prevent the escape of his prisoner or *which might be used as evidence against him on the trial or which he believes to be connected with the offense charged* or that may give a clue to the commission of the crime.'" Citing cases. (Emphasis now supplied.)

The evidence was that no money was paid to the defendant as the defendant recognized the officers, and they recognized him. The officers, while they might have filed a transportation charge against the defendant, where but one pint of whiskey was involved, apparently realized that to make out a prima facie case of possession with intent to sell, they needed evidence of possession of additional whiskey. Witness said: "We asked him [defendant] if he would unlock the car and let us search the car and he said he would. We went out and searched the car and found the whiskey in the back of the car."

The defendant testified and said that the testimony of officer Mills was substantially correct as to what happened. He said that he was arrested inside of Lt. Grimes' home;

he admitted that the whiskey found in the back of his car belonged to him.

This concluded the evidence on motion to suppress. It will be noted that the details and circumstances of the arrest are almost lacking. But no question is raised as to the legality. We conclude from the meagre details before us (1) that the arrest was legal; (2) that without doubt the 17 pints of intoxicating liquor found in defendant's car belonged to him; and (3) while it is not clear that the defendant volunteered the information to the officers that he had other whiskey in his car that he had just used in transportation of the one pint that he apparently showed the officers after a telephone appointment to make delivery, we must assume that he did so and must assume that the officers after telephoning the number listed on the card in question, watched and waited for the delivery and saw the car approach and stop and after a lawful arrest on seeing the pint inquired of defendant if he had other liquor and that defendant instead of standing on his constitutional rights not to answer, volunteered the information that he had other liquor in the turtle back of his automobile and voluntarily unlocked it for the officers to search. See Vincent v. State, 75 Okl.Cr. 128, 129 P.2d 214, where a defendant was without the curtilage of his place of business when he made a sale of a pint of whiskey to officers. They saw him go on his premises to get the pint; they arrested him and searched his premises and obtained 9 more pints. The search was upheld. See also Kizer v. State, 96 Okl.Cr. 92, 249 P.2d 132.

If such were not the facts the burden was on defendant to so show. He failed to do this, and the court overruled his motion to suppress. We are forced, therefore, to sustain the court's ruling in overruling defendant's motion to suppress.

This court has held that evidence at trial on the merits is separate and distinct from, and does not relate back to bolster evidence on defendant's motion to suppress evidence. McMillon v. State, 95 Okl.Cr. 409, 247 P.2d 295.

On trial officer Caldwell testified that defendant was arrested "when he brought the

whiskey out of his pocket", on arrival at Lt. Grimes' home.

Officer Mills testified: "We went to Lt. Grimes' house and called the telephone number, and Mr. Forrester came to that address and made an alarm at the door. I disremember whether it was a doorbell or whether he knocked, but he came in the house and had the whiskey on him. We asked him if he had any more and he said he had some in the car, and we went out there and he unlocked the turtle of the car and the remainder of the whiskey was in the car." Witness further stated that there were 16 or 17 pints in a pasteboard box in the back of the car.

The defendant did not testify and offered no evidence. No exceptions were taken to the instructions given; no requests were made. The issues were fairly presented.

The judgment appealed from must be and the same is affirmed.

JONES, P. J., and BRETT, J., concur.