246 So.2d 597 (1971)
The STATE of Florida, Appellant,
v.
Alfred Dwight FEATHERSTONE, Appellee.
No. 70-960.
District Court of Appeal of Florida, Third District.
April 13, 1971.
*598 Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Louis R. Beller, Miami Beach, for appellee.
Before HENDRY and SWANN, JJ., and CULLEN, RALPH O., Associate Judge.
PER CURIAM.
The state of Florida, by this interlocutory appeal, seeks review of an order suppressing certain evidence obtained by the execution of a search and seizure under a search warrant. The appellee, the defendant below, has cross-assigned as error the refusal of the trial court to grant his motion to dismiss on the grounds that the warrant was insufficient on its face for lack of a seal, contrary to § 923.12, Fla. Stat., F.S.A., and that the affidavit and warrant were each insufficient on their face for lack of probable cause.
This appeal presents what appears to be a case of first impression. The questions are whether a search warrant is void because of an improper or late return and whether the evidence seized thereunder becomes inadmissible. We hold that the warrant does not become void because of an improper or late return where there is no prejudice shown, and the evidence seized thereunder does not become inadmissible. We also hold that the cross-appellant has failed to demonstrate reversible error.
Upon a sworn affidavit by a police investigator, a judge of the criminal court of record issued a search warrant on June 1, 1970. It was executed on June 3, 1970, but the return was made on June 12, 1970. Section 933.05, Fla. Stat., F.S.A. requires that the warrant be returned within ten days after its issuance:
"* * * no such warrant shall be issued in blank and any such warrant shall be returned within ten days after issuance thereof."
We have found no reported Florida authority directly on point, although Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118, 122 is instructive. The Joyner case quotes with approval the federal rule that the making of a return is a ministerial act.
We cannot directly determine the intent of the Florida Legislature in enacting *599 the ten day limitation. We have, however, traced the development and wording of the antecedents[1] of the present statute. The ten day limitation closely tracks the language in Section 11 of the federal Espionage Act.[2] The Florida statute was enacted a few years after the federal acts. Both federal statutes were construed in Sgro v. United States (1932), 287 U.S. 206, 209-210, 53 S.Ct. 138, 77 L.Ed. 260, 261-262, 85 A.L.R. 108, to be a prohibition against searches upon stale warrants.
We have also turned to decisions of other states.[3] After an analysis of such authority, we express the view that the purpose of the ten day limitation contained in the current Florida statute is to prohibit promiscuous searches upon stale warrants. E.g., Viadock v. State, 30 Okla. Cr. 374, 236 P. 56, 56-57 (1925).
United States v. Gross, 137 F. Supp. 244, 248-249 (S.D.N.Y., 1956) involved omissions by law enforcement officers which were much more significant than in the case sub judice. The court there, inter alia, allowed the government to file a late return together with an inventory of the property. The court also stated, citing numerous federal cases, that the weight of authority is that failure of law enforcement officers to leave with the defendant a copy of the search warrant, the failure to take an inventory, to give a receipt to the defendant or to make a return does not invalidate the search and seizure because these acts are ministerial and do not affect the validity of the search.[4] This now is the settled law in federal courts.
The argument advanced in favor of the appellee as to the invalidity of the search warrant for lack of timely return in the case sub judice must rest upon the applicability of the doctrine of trespass ab initio in criminal cases. Such an argument was broadly rejected in McGuire v. United States (1927), 273 U.S. 95, 47 S.Ct. 259, 71 L.Ed. 556. In McGuire, certain evidence consisting of intoxicating liquor was allowed to be admitted into evidence in a federal criminal prosecution after revenue agents acting under a search warrant illegally destroyed most of the intoxicating liquor on the premises searched.
It is our view that the Florida statute does not make void warrants which have been executed, by the subsequent failure of the officer to make return thereon. While it is the duty of the officer serving the search warrant to make due return when the same is served, nevertheless, the failure to do this will not have a retroactive effect to render void a search that was valid at the time it was made.
We also express the view that if it appears that a failure by the officer to observe the statute and make due return results in any prejudice to the defendant, we should not hesitate to reverse the cause. Hensley v. State, 53 Okla. Cr. 22, 3 P.2d 211, 212 (1931). We find no proffer in the record in the case sub judice showing prejudice to the appellant by the late return.
*600 For the reasons stated the order suppressing the evidence is reversed and the order denying cross-appellant's motion to dismiss is affirmed; the cause is remanded for proceedings consistent with the views expressed herein.
Affirmed in part and reversed in part, and the cause is remanded.
NOTES
[1] From 1881 until 1923, no ten day limitation was present. The limitation first appeared in Ch. 9321, § 5, Laws of Florida, 1923 codified in Compiled Laws, § 8507 (1927).
[2] Act of June 15, 1917, 40 Stat. 217, 228, Ch. 30, § 11; and see the National Prohibition Act, Act of October 28, 1919, 41 Stat. 305; both now repealed. The Espionage Act was also the genesis of the current Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A.
[3] Arizona, California, Illinois, Kentucky, Maine, Maryland, Mississippi, Missouri, New York, Oklahoma, Tennessee and Texas; only New Jersey appears contra to the position we express herein. We have also examined numerous federal eases, some of which are cited infra. See 79 C.J.S. Searches and Seizures § 84, pp. 906-907.
[4] This statement is apparently the law in the Fifth Circuit, Evans v. United States, 242 F.2d 534, 536 (1957), as well as in other circuits. See also note 3 above.